UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Elsie Mayard, | Case No. 22-cv-0143 (NEB/TNL) |
| Plaintiff, | **ORDER FOR COMPLIANCE WITH RULE 26(f) TO FACILITATE ISSUANCE OF RULE 16 PRETRIAL SCHEDULING ORDER** |
| v. | |
| City of St. Paul, Paula Seeley, and Thom Zangs, | |
| Defendants. | |

---

TO: Plaintiff Elsie Mayard, 755 West Minnehaha, St. Paul, MN 55104.

Defendants above-named and Defendants' attorney Kyle Citta, City Attorney's Office, Litigation Division, 15 West Kellogg Boulevard, Suite 750, St. Paul, MN 55102.

**For purposes of this Order if any party is *pro se*, then all references to and requirements of an attorney, counsel, lawyer and the like shall mean such *pro se* party.**

If counsel for all parties are not listed above, it shall be the responsibility of Plaintiff's counsel (1) to notify immediately those parties and counsel of this Order, and (2) to inform immediately those parties and counsel of the requirements set forth in this Order.

Attached hereto is a template of the Pretrial Scheduling Order that will be used by the Court in this case. Parties and respective counsel shall familiarize themselves with the template and be prepared to complete it at the parties' meeting required under Rule 26(f) of the Federal Rules of Civil Procedure and this Order. Pursuant to Rule 16(b)(1)(A) of the Federal Rules of Civil Procedure, the Court will issue a pretrial scheduling order in this matter based upon the parties' Rule 26(f) report.

1

### I. RULE 26(f) MEETING, REPORTS, AND DISCLOSURES REQUIRED

A. **No later than 14 days after the date of this Order**, trial counsel for each party shall meet and confer to discuss settlement and to prepare the report required by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2.

B. If the case does not settle, **no later than 14 days after the parties conduct their 26(f) meeting**, counsel shall jointly prepare and file electronically on ECF, in compliance with the Electronic Case Filing Procedures for the District of Minnesota, a complete written report of the Rule 26(f) meeting. A copy of the report shall also be delivered to chambers no later than 14 days after the parties conduct their 26(f) meeting at the following e-mail address: leung_chambers@mnd.uscourts.gov.
The report shall include:

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

   a. The date and place at which the meeting was held;

   b. Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting;

   c. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

   d. An agenda of matters to be discussed at the parties' meeting.

2. **Description of the case**

   a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

   b. In diversity cases in which a limited liability corporation or partnership entity is a named party, the concise statement shall

    contain a brief description of the availability of diversity jurisdiction, including a list of all members and the citizenship of each member of the limited liability corporation or a list of all partners and the citizenship of all partners of the partnership entity, consistent with the Federal Rules of Civil Procedure and the Local Rules;

  c. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

  d. A summary itemization of the dollar amount of each element of the alleged damages.

**3.** **Pleadings**

  a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

  b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

  c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**4.** **Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as production of electronically stored information (ESI), focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay. Such a plan, at a minimum, shall include the following:

  a. The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

  b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

  c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

    d.    The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

    e.    The number of interrogatories each party shall be permitted to serve;

    f.    The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take;

    g.    The number of expert depositions each party shall be permitted to take; and

    h.    A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

**5.** **Close of Discovery and Non-Dispositive Motions**

    a.    The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

    b.    Whether the parties:

        i.    agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

        ii.    agree that a party should be not required to request an informal conference with the Court before filing a discovery motion; or

        iii.    do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

**6.** **Dispositive Motions and Trial**

    a.    The date by which all dispositive motions shall be served, filed and heard;

    b.    The date by which the case shall be ready for trial;

    c.    The number of expert witnesses each party expects to call at trial; and

        d.       Estimated trial time (including jury selection and instructions, if applicable).

    C.      Unless otherwise agreed by counsel, the initial disclosures shall be exchanged no later than the time limits set forth by Rule 26(a)(1).

## II. <u>EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)</u>

If the parties consent to have this matter tried before the Magistrate Judge, <u>all counsel must jointly sign</u> the "Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" form **no later than 14 days after the parties conduct their 26(f) meeting.** This form is available from the United States District Court for the District of Minnesota's website, www.mnd.uscourts.gov, in the Civil Forms table under "Court Forms." Send the completed form directly to the chambers of United States District Court Judge Nancy E. Brasel, at the following e-mail address: brasel_chambers@mnd.uscourts.gov.

## III.     <u>REMEDIES</u>

Failure to comply with any provision of this Order or any other consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including

without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that the Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: February 17, 2022            *s/Tony N. Leung*
Tony N. Leung
U.S. Magistrate Judge

*Mayard v. City of St. Paul, et al.*
*22-cv-0143 NEB/TNL*

# EXHIBIT A
# SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column ||| Nonparty that Designated Doc. Confidential (If Any) | Specific Reason Why Document Should Remain Sealed or Be Unsealed (it is insufficient to refer to a protective order) |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | X | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | X | | | | *Confidential medical records.* |