UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elsie Mayard, | Case No. 22-cv-143 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| City of St. Paul,<br>Paula Seeley, and<br>Thom Zangs, | |
| Defendants. | |

**I.**

This matter comes before the Court on pro se Plaintiff Elsie Mayard's Motion for Leave to File Amended Complaint, ECF No. 15. No hearing being necessary, *see* D. Minn. LR 7.1(b), the Court has considered this motion on the papers.

**II.**

As best as this Court is able to tell, Plaintiff seeks leave to add Marcia C. Moernond, Patrick Shea, David D. Wagner, and Richard Kedrowski as defendants in this action, against whom she appears to be seeking a "permanent injunction and other equitable [r]elief." *See* ECF No. 16 at 1. Plaintiff's motion does not comply with this Court's Local Rules and will be denied without prejudice as procedurally improper.

First, a motion to amend the pleadings is a non-dispositive motion. D. Minn. LR 7.1(b)(4)(A)(i). Under Local Rule 7.1(b), a party is required to

> file and serve the following documents simultaneously:

1

>    (A) motion;
>    (B) notice of hearing;
>    (C) memorandum of law;
>    (D) any affidavits and exhibits;
>    (E) meet-and-confer statement (unless later filing is permitted under LR 7.1(a)(1)(A)); and
>    (F) proposed order (an editable copy of which must be emailed to chambers).

D. Minn. LR 7.1(b)(1). Plaintiff's filings consist of single-page motion and the proposed order. *See generally* ECF Nos. 15, 16. Based on Plaintiff's proposed order, the Court generally understands that Plaintiff wishes to add additional defendants and seek additional relief, but Plaintiff has not identified the substance of her proposed amendments. *See* Fed. R. Civ. P. 7(b)(1); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) ("Meehan failed to specify the proposed new allegations, and the district court was not required to engage in a guessing game."); *see also Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1051 (8th Cir. 2021) ("We have previously held that a district court did not abuse its discretion by denying a request for leave to amend a complaint when the request was raised in a single sentence in response to a motion to dismiss and the party made no motion for leave nor attempted to explain the substance of the proposed amendment.").

Second, Local Rule 15.1 requires that "[a]ny motion to amend a pleading . . . be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b). Despite the Court's earlier

2

reminder that "any motion to amend must comply with Local Rule 15.1," ECF No. 14 at 1, Plaintiff has not submitted either a proposed amended complaint or the required explanatory version, demonstrating how her proposed amended complaint differs from the operative Complaint, ECF No. 1.  This alone warrants denial of Plaintiff's motion.  *See, e.g.*, *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504-05 (8th Cir. 2013) ("We have repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint."); *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) ("A district court does not abuse its discretion in denying leave to amend when a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule."); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

Plaintiff's pro se status does not excuse her from following the Federal Rules of Civil Procedure and Local Rules of this Court.  *See, e.g.*, *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002).

Plaintiff's motion will be denied without prejudice as procedurally improper. Plaintiff is cautioned that any future motion to amend her pleadings must comply with all applicable procedural rules, including the Federal Rules of Civil Procedure and the Local

Rules of this Court.[1]

### III.

Based upon the foregoing, and all the files, records, proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion for Leave to File Amended Complaint," ECF No. 15, is **DENIED WITHOUT PREJUDICE**.

2. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May   27   , 2022

          *s/ Tony N. Leung*
          Tony N. Leung
          United States Magistrate Judge
          District of Minnesota

          *Mayard v. City of St. Paul et al.*
          Case No. 22-cv-143 (NEB/TNL)

---

[1] The Court appreciates that Plaintiff is proceeding pro se. There are resources available on the Court's website for litigants like Plaintiff who are representing themselves. *See, e.g.*, *Pro Se Civil Guidebook & Information Sheets*, *available at* https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets. Plaintiff may wish to consult these resources.